IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA,                                        PLAINTIFF

v.                                                      CRIMINAL NO. 3:17  cr 157 DCB - FKB

MARCUS BATISTE                                                   DEFENDANT

### RESPONSE TO MOTION TO QUASH BY THE GOVERNMENT

COMES NOW the Defendant, Marcus Batiste,  by and through the undersigned counsel, and files this response to the Motion to Quash filed in response to Defendant's Application for Subpoena Duces Tecum, and  would show in support:

Counsel for Defendant on March 7, 2018 filed an Ex parte Application  for a subpoena seeking documents and testimony from  Michael P. Houline,  Phd., Assistant Laboratory Director of the U.S. Customs and Border Protection Regional Science Center at the Sentencing Hearing set for April 10, 2018, at 11 a.m. before Hon. David Bramlette III in Jackson, Mississippi, and then filed an Amended Motion Ex parte on March 9, seeking similar relief. There is a dispute to be resolved at sentencing about the amount of methamphetamine attributable to Defendant under the  U.S. Sentencing Guidelines. While Defendant admitted, and the government stipulated to Defendant being responsible for a certain amount of methamphetamine,  the government has provided information that Defendant is responsible for a much greater amount; therefore, there is a factual issue regarding the  amount of methamphetamine to be determined at the sentencing.

Defendant is aware of  two different laboratory analysis reports from two different laboratories, one in line  with Defendant and the government's stipulation,  and one  contradicting Defendant's stipulation, yet  the Pre-Sentence Investigation report has adopted the contradicting analysis. The report from the U.S. Customs and Border Protection Regional Science Center tracks the Government's stipulation, and therefore,  Defendant believes it is vital that the Court hear from the government's expert to resolve the conflict regarding  the correct amount of methamphetamine attributable to Defendant. The government is certainly entitled to seek testimony from any other

expert it deems appropriate.

Since the government likely would have produced its own expert at trial to address the issue of the amount and quality of the methamphetamine, Defendant believes it is not unreasonable to require the government's expert to testify regarding the same issue when a factual conflict exists at sentencing.

RESPECTFULLY SUBMITTED,   this the 21ˢᵗ day of   March, 2018.

MARCUS BATISTE

BY:  /s/ Gregory J.Weber
GREGORY J. WEBER, MSB #7063
ATTORNEY AT LAW
PO BOX 2353
MADISON,  MS  39130
(601) 898-9879

CERTIFICATE OF SERVICE

I, Gregory J. Weber,  hereby certify that on March 21, 2018,   I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the attorneys of record.

/s/ Gregory J. Weber
Gregory J. Weber

Gregory J. Weber MSB # 7063
Attorney at Law
Post Office Box 2353
Madison, Mississippi  39130
(601) 898-9879