IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA,                                              PLAINTIFF

v.                                                    CRIMINAL NO. 3:17-cr-157-DCB-FKB

MARCUS BATISTE                                                         DEFENDANT

## ORDER

Before the Court are two motions: Defendant Marcus Batiste's amended ex parte motion for subpoena duces tecum [10], and the Government's motion to quash subpoena duces tecum [11].

On January 9, 2018, Batiste pleaded guilty to a violation of 18 U.S.C. § 1952(a)(3). The Court has set his sentencing hearing for June 19, 2018. Batiste requests that the Court issue a Fed. R. Crim. P. 17(b) subpoena requiring the attendance of Dr. Michael P. Houline, Assistant Laboratory Director, U.S. Customs and Border Protection Southwest Regional Science Center, at the sentencing hearing. Batiste also requests the Court order the production of laboratory reports and accompanying documents related to Investigative Case No. JA002BR13SY0006, and Laboratory Reports HT20166228 & HT20162229. The Government has moved to quash Batiste's subpoena duces tecum. The Government contends that Dr. Houline's testimony, or the testimony of any other lab analyst, is unnecessary, as Batiste has already stipulated that the substance at issue was methamphetamine.

The Court held a hearing on these motions on April 6, 2018. During the hearing, counsel for Batiste and for the Government agreed that Batiste had been found in possession of both "hard" methamphetamine and a liquid substance containing methamphetamine. Batiste's counsel explained, however, that the liquid only contained methamphetamine because, immediately prior

to arrest, Batiste disposed of some of the hard methamphetamine by putting it in the liquid. While Batiste has stipulated to the possession of the hard methamphetamine, his attorney expressed concern that the liquid substance containing methamphetamine could affect Batiste's sentence, if it was found to be a separate substance or mixture under Section 2D1.1 of the Federal Sentencing Guidelines. Batiste's attorney explained that he wanted Dr. Houline present at the sentencing hearing to offer his testimony as to whether the liquid substance containing methamphetamine should be considered under Section 2D1.1 of the Federal Sentencing Guidelines. Batiste's attorney admitted, however, that he had not spoken with Dr. Houline and did not know what Dr. Houline's opinion would be on the issue.

Expert testimony may be used to determine the weight of a mixture or substance in applying the sentencing guidelines. *United States v. Mimms*, 43 F.3d 217, 221 (5th Cir. 1995). However, Batiste does not propose to elicit Dr. Houline's opinion on the weight of the subject mixture or substance. In fact, Batiste's attorney admitted that neither Dr. Houline nor anyone else in his laboratory ever tested the liquid substance at issue. Accordingly, neither Dr. Houline nor anyone else in his laboratory has any personal knowledge of the weight of the substance at issue.

Further, the relevant facts in this case are undisputed. Batiste has pleaded guilty to violating 18 U.S.C. § 1952(a)(3) and admitted that the substance recovered was methamphetamine. It is undisputed that Batiste put the hard methamphetamine in the subject liquid. It also appears undisputed that he put the hard methamphetamine in the liquid to conceal it from detection by law enforcement, and if there is any dispute as to why he put it in the liquid, the parties can present evidence on that issue at the sentencing hearing, if necessary. But Dr. Houline would not have personal knowledge as to why Batiste put the methamphetamine in the liquid. And whether the liquid substance should be considered a separate substance or mixture under Section 2D1.1 of the

Federal Sentencing Guidelines presents a legal question for the Court, not an issue on which expert testimony from Dr. Houline (or any other laboratory personnel) would be admissible or appropriate.

Accordingly, Batiste's amended ex parte motion for subpoena duces tecum [10] is denied, and the Government's motion to quash [11] is granted.

SO ORDERED, this the 5th day of June, 2018.

    /s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE